I wanted to begin this morning by briefly answering the court's question that was submitted to us, and then circling back around for a longer answer. The court asked if today we could address whether the crime of violence has to meet the statutory definition of aggravated felon to be subject to a 16-level guideline enhancement. Yes, in the new statute it does. But in resentencing, Mr. Deagueros-Cortes was incorrectly sentenced under that statute. The answer is yes, and when you give us why, it's yes. Pardon me? Why is your answer yes? I'm sorry. It's no in the new statute. In the new statute, it's the crime of violence does not have to fit that. All right. Thank you. Yes, in the old one. Okay. In this case, this is the second time that we're here on appeal. In our first appellate brief, we had argued we weren't the trial lawyers, but when we looked at the transcripts, we saw that Mr. Deagueros-Cortes should not have been sentenced with an aggravated felony. And we said there's two reasons why. One is 43A doesn't apply because the statute says rape, murder or sexual abuse of a minor. And we said, well, there's no minor in this case. We read that as of a minor qualifying all three of the crimes. And then we said, well, the only other one that could even possibly apply is F, which is crime of violence, which in that definition of crime of violence, it has to be where you're sentenced to more than a year. And he was sentenced to six months. Well, in the government's brief, they said, well, we agree, A doesn't apply. And they just dismissed that entire argument in a footnote, didn't address it at all. But they said F applies because it was a crime of violence where he could have been sentenced to more than a year. So in our reply brief, we only addressed that issue. And when the court wrote its memorandum opinion, only addressed that issue as well and resentenced it and said, this is not a crime of violence where he was sentenced to more than a year. He was sentenced to more than six months. So we get back to resentencing. And at resentencing, the government states, well, obviously he wasn't sentenced to more than a year. We concede that. But we mistakenly waived that argument. That was the exact argument that we wanted him to be sentenced under. He was an aggravated felon under A because he did an attempted rape. And our argument is of a minor isn't a qualifier. It's only a qualifier of sexual abuse. Well, it didn't even, we were prejudiced as defendants. The Ninth Circuit was prejudiced. No one had a chance to argue this issue. It was an issue, it wasn't a brand-new issue. I mean, if they would have came up with a brand-new reason for sentencing him, it would have been different. And the case law clearly says that. But it was something that they specifically waived. And we cited a few cases in our brief. And we said if it's something that's waived, they don't have a chance to bring it up. Can you help me with the following? Do we have a copy in the record of the government's brief in the prior appeal so that I can read the language that you contend waived the argument? I don't know if it's in the record, but I cited the footnote in our opening brief in this case. And where is that? It's on page four of our opening brief in this second case. It's just single-spaced, and it states, The defendant initially argues that his conviction is not an aggravated felony because there's nothing to indicate that the sexual assault on a minor is required in 8 U.S.C. A43A. The government contends that the conviction was an aggravated felony because it was a crime of violence pursuant to A43F, but admits that there is no evidence in the record that the victim of the sexual assault was a minor. That was the only argument they gave as to or the only time they mentioned A in their brief. So when we did our reply brief, we didn't even mention A at all. It was a waived issue. And our member on the disposition doesn't reach that question either. Exactly. Now, should we read the remand to the district court from us the first time around as limited to specific issues, or was it a remand that allowed resentencing on any issue that the district court thought appropriate? It was, but I think not except for waived issues, which was an issue waived by the government. Was that waived as to resentencing, or was it merely waived on the appeal in front of us the first time? It was waived on the appeal, but the problem with allowing them to re-raise it in district court is it allows for prejudice of the defendant. And the reason why is you say that there's two reasons why someone should be sentenced for something. And somebody waives it. Either the appellant waives it, the appellee waives it, someone waives it, and then comes back when the case is remanded and says, well, that one was mistakenly left out, or we purposely left it out, or whatever reason. And they bring it back again. And after Mr. Duras-Cortez, who's been greatly prejudiced by this issue, not being handled the first time around. He's almost done with this sentence. And that's the reality of that kind of mistake. The government said it was a mistake that they didn't do it. I mean, if they would have argued it the first time around, which they said was the reason why he was sentenced that way the first time, the Ninth Circuit would have addressed it, would have made a decision then. And instead, we're over a year down the line. Okay. That's a tricky question, and I think I've got that one in hand, although I'm not sure I have the answer in hand. Assume for a moment that we agree with you on this point. Why is it not nonetheless sufficient to sustain the sentence that the district judge looked at the current amended guideline and treated this as a 16-level enhancement because this was a crime of violence under the new definition, under the new guideline? There is cases, and I haven't submitted it to the clerk today, and a copy hasn't been given to the other side, but this was an issue that came up when I was researching the question that you asked. The Ninth Circuit has decided, and one of the cases that I came up with as an example was Hamilton v. U.S., 67F3D761. And in that case, the court found that the application of new guidelines, if they disadvantaged the defendant, they shouldn't be applied. And in this case, they did. If you look back at the old statute, there's only two categories that the defendant could even fit in. Well, first of all, the whole crime of violence thing isn't even a part of the old statute. It's either it's the aggravated felon gets you up to the 16-level increase. Yeah, those generic aggravated felonies, 16 levels, either yes or no. Right, exactly. And the only time that crime of violence is mentioned in that is if it's over a year. And, of course, we all know he was only six months. But now... Is it whether he has to serve over a year or whether the potential punishment is over a year? It was if he had to serve over a year. And he served six months. And it was what he was sentenced to. And... What's your authority for that, that it has to be time served or the statute essentially has to make it a possibility that he could get over a year? When we did our first appeal, it was a decision made by the Ninth Circuit, actually based on a few existing cases. Alberto Gonzalez was one of the cases cited by the Ninth Circuit in their unpublished memorandum opinion in the first case, which was 215F3D906. Thank you. In the old statute, he is ñ he can only get the crime of violence if he's only served a year. Well, when we go to resentencing, he's found to be an aggravated felon based on A. In the new statute, aggravated felon only gets an 8-level increase. But that's not applied. The court bootstraps him on the new statute where it's any crime of violence gets the 16-level increase. And that's improper. It could be he's disadvantaged by the new statute. You know what I'd like to do is to save you at least 20 seconds for rebuttal. And if you could also prepare a slip with the case citation to that Hamilton case for the clerk and for opposing counsel. I will, Your Honor. Thank you. Good morning. My name is Lisa Jenna Settle, and I represent the appellee. The district court did not err when determining that the defendant was an aggravated felon based on his conviction for attempted assault. Therefore, the district court's enhancement of 16 levels was proper. It's undisputed the defendant was an aggravated felon. He admitted it at his plea. He admitted it at his first sentencing in his objections to the pre-sentence report, in which the defendant conceded that his conviction for attempted sexual assault in Arizona is equivalent to rape, which is an aggravated felon under 8 U.S.C. 1101A43ANU. That is why the court sentenced him that way initially. Okay. Now, that's easy if we agree with the government that of a minor only qualifies the term sexual abuse, does not qualify rape or murder. The harder part for me is what do we do with the slightly unusual posture of the case where the government the first time up seemed to read the statute a different way, that is to say, seemed to acquiesce in the defendant's reading of the statute that of a minor qualified rape, murder, and sexual abuse. We didn't reach that the first time around, and now here we are in the district court. The district court says, but that's the ground on which I'm sentencing. Is that somehow, is that sequence of events somehow something that produces a bar or a waiver so that the district court cannot sentence on this ground when it goes back to the district court? That's the hard question for me. No, there's clearly not a waiver. First, when this court's memorandum held the defendant was not an aggravated felon under A43F because he did not receive a year for his crime of violence conviction, you did not preclude any other limitations on resentencing. And since the scope of remand was not limited, the district court was free to hear evidence and argument based on any theory whatsoever. Now, it's the government's opinion that there was no waiver. First, there was a clear record that why he was an aggravated felon based on A and U. The district court had made the record. It was a written record in the defendant's objections to the pre-sentence report, so there was a clear record. The defendant did not bring it up in his brief, and the United States basically dismissed it, I would say, in a footnote regarding whether the victim was a minor. They didn't say, they just said he wasn't a minor. There was no sexual assault of a minor. That's what the footnote says. The footnote says, assuming we have an accurate quotation of the government's brief, and I'm assuming for present purposes that we do, that this is the government, the defendant initially argues that his conviction is not an aggravated felony because there was nothing to indicate that the sexual assault on the minor as required in da-da-da. Well, that's not quite a sentence, I confess, but it appears to acquiesce in the defendant's construction of the statute. There's certainly no objection to the defendant's construction of the statute. Then the government goes on to say, I think correctly, that there's no evidence that this was a minor. Okay. And there is no evidence it was a minor. But, however, it doesn't matter because Section A is murder, rape, or sexual abuse of a minor. And, in fact, the district court raised that at resentencing, and they read the initial briefs, and they said that, and it's submitted in the excerpts of record, that basically the government dismissed the argument in the footnote. And they didn't. It said, I quote, It is apparent to me that the government's appellant attorney, without any analysis, made the assumption that 43A required the victim be a minor and simply made no attempt to convince them that they were an aggravated felony under A. And this is excerpts of record 7 at page 13. Let me ask a question. What documentary evidence is there in the record that clearly demonstrates that defendants prior conviction under California, Arizona law, qualifies as a, categorically, as a crime of violence? Is there any documentary evidence in the record? I believe there is. At resentencing, the court found that attempted sexual assault was equivalent of rape. And rape does, you know, require that it does fit the definition of the new guidelines that specifically includes forcible sex offenses. And that brings me to the question. Did he submit the statute into the record? Did we submit the statute? We submitted the title of the statute. It was clear in the record. Does a court judge then say, categorically, this is a crime of violence, i.e., which means that everything under this statute would amount to a felony, to a crime of violence? In fact, I believe that she did. I'm just trying to remember where in the record she did that. Actually, it's ER 7 at page 24. And at resentencing, the judge said that the 16-level enhancement is applied because the aggravated felony is a crime of violence. So she did conclude, the district court, that at resentencing, the defendant's underlying conviction was a crime of violence. Because what's necessary to do here, because of the changing guidelines, is this court needs to decide, one, whether the underlying conviction is an aggravated felony, because that would have been the 2000 guidelines, and, two, whether the defendant's conviction is a crime of violence, which gives you the 16-level enhancement under the 2001 guidelines. And because of ex post facto, the defendant would get the benefit of the better guidelines. But in this case, the guidelines are the same. And, in fact, the court specifically found that under either the 2000 or 2001 guidelines, the defendant would get a 16-level enhancement. Because it was an aggravated felony. Because it was an aggravated felony under the 2000 guidelines and because it was a crime of violence under the 2001 guidelines. But you're saying that the defendant gets the benefit of the better of the two. Yes. But it's the government's position that he's both an aggravated felon under A, and he's also a crime of violence under the definition of the new guidelines, which the court asked us to address. That's a tricky question, though, because if your only basis for the 16 levels is crime of violence under the amended guideline, clearly the other guideline is better. That is to say, the only reason you can get him on crime of violence is the new guideline. So the other guideline is better because it doesn't contain that. No, it would be the same, Your Honor. Well, both result in 16. But this is a slightly different question than the one we usually contemplate. You get to 16 by two different bases. And is, for some reason, the defendant entitled to continue to be sentenced under the earlier guideline, the guideline in effect at the time of the first sentence. So that made a mistake, go back, are we required to sentence under that same guideline? And if we can't sentence to 16 levels under the same guideline, where does the government now get to rely on the guideline that didn't exist to support that sentence? But he is an aggravated felon, Your Honor, because he committed the crime of attempted rape. So he's an aggravated felon. Yes, I understand that. But if that's not available to you because of waiver, then what? Assuming the United States waived it, which in my position it did not. Yes, I understand. That argument is preserved. Right. I understand that. He's still under the new 2BL 1.2B1A. He's still a 16 level because of a crime of violence. They meet the definition. I mean, the sentencing guideline. Yes, I understand that, too. But in a sense it's not that he's still. It is that he is newly vulnerable to 16 because of the amended guideline. If this Court finds that the defendant is not an aggravated felon and not – if he's not an aggravated felon, I think that you have to sentence him under the old guidelines as a non-aggravated felon. And that would be an 8-level increase or a 4-level increase as opposed to a 16-level increase? Yes. But he is an aggravated felon and there has been no waiver. And he also is – but then you bring to the new guidelines, if he was just an aggravated felon and not someone who had a crime of violence conviction, he would have gotten 8 levels instead of the 16 levels. But he still gets the 16 levels because his aggravated felony is a crime of violence. Okay. Thank you. Thank you very much. I have nothing further unless the panel has additional questions. No further questions. Thank you very much. Thank both of you for your arguments. And DeGraus v. Cortez – United States v. DeGraus-Cortez, the case is now submitted for decision.
judges: Dw Nelson, W. Fletcher, Alsup